**LaMONICA HERBST & MANISCALCO, LLP**
*Counsel to NPL REO Max LLC*
3305 Jerusalem Avenue, Suite 201
Wantagh, New York 11793
Telephone: (516) 826-6500
Gary F. Herbst, Esq.

**Hearing Date: October 13, 2026 at 10:30 a.m.**
**Objection Deadline: 5:00 p.m. on October 6, 2026**

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------x
In re: Chapter 13

GRANTLEY HUNTE, Case No.: 26-43420-ess

Debtor.
-------------------------------------------------------x

**NOTICE OF MOTION OF NPL REO MAX LLC FOR ENTRY OF AN ORDER MODIFYING THE AUTOMATIC STAY**

**PLEASE TAKE NOTICE** that, on **October 13, 2026 at 10:30 a.m.**, a hearing ("Hearing") will be conducted before the Honorable Elizabeth S. Stong, United States Bankruptcy Judge, United States Bankruptcy Court for the Eastern District of New York ("Court"), on the annexed motion ("Motion") of NPL REO Max LLC ("REO") seeking entry of an Order: (i) modifying the automatic stay pursuant to 11 U.S.C. §§ 362(d)(1) and 362(d)(2) to allow REO to pursue its rights under applicable law with respect to the real property known as and located at 82 Hilton Avenue, Hempstead, New York 11550 (Section 34, Block 285, Lot 40); and (ii) granting REO such other and further relief as the Court deems just and proper.

**PLEASE TAKE FURTHER NOTICE** that the Hearing will be by telephone, video or in person, as the Court deems appropriate. Whether the Hearing is in person or remote, to appear, parties must register through eCourt Appearances, which can be accessed here:

https://ecf.nyeb.uscourts.gov/cgi-bin/eCourtAppearances.pl.[1] To register, please provide your name, address, e-mail address, telephone number on the Hearing date, and the party that you represent, if applicable. **Please be sure to register at least two business days before the Hearing.** For remote hearings, you will receive instructions on how to access the hearing via e-mail two business days before the Hearing. On the Hearing date, please connect at least ten minutes before your scheduled hearing time and keep your audio and video on mute until your case is called.

**PLEASE TAKE FURTHER NOTICE** that objections, if any, to the Motion must be in writing, conform with the Bankruptcy Code and the Bankruptcy Rules, state with particularity the grounds therefor and be filed with the Court no later than **5:00 p.m. on October 6, 2026** as follows: (i) through the Court's CM/ECF system, which may be accessed through the internet at the Court's website at https://www.nyeb.uscourts.gov/, in portable document format (PDF) using Adobe Exchange Software for conversion; or (ii) if a party is unavailable to file electronically, such party shall submit the objection in PDF format on portable media in an envelope with the case name, case number, type and title of document, document number to which the objection refers and the file name on the outside of the envelope to the Clerk of the Court, United States Bankruptcy Court for the Eastern District of New York, 271-C Cadman Plaza, East, Suite 1595, Brooklyn, New York 11201-1800.

---

[1] If you have a CM/ECF account, you may access eCourt Appearances in "Utilities" menu after logging into CM/ECF. Alternatively, you may access eCourt Appearances on the Court's website at https://ecf.nyeb.uscourts.gov/cgi-bin/nyebAppearances.pl. In the event that you are not able to register online, you may call or email Judge Stong's courtroom deputy for instructions at (347) 394-1864, ess_hearings@nyeb.uscourts.gov, at least two (2) business days prior to the Hearing.

**PLEASE TAKE FURTHER NOTICE** that the Hearing may be adjourned from time to time without any other announcement other than that set forth in open Court.

Dated: September 15, 2026
Wantagh, New York

**LaMONICA HERBST & MANISCALCO, LLP**
*Counsel to NPL REO Max LLC*

By: *s/ Gary F. Herbst*
Gary F. Herbst, Esq.
A Member of the Firm
3305 Jerusalem Avenue, Suite 201
Wantagh, New York 11793
Telephone: (516) 826-6500

**LaMONICA HERBST & MANISCALCO, LLP**
*Counsel to NPL REO Max LLC*
3305 Jerusalem Avenue, Suite 201
Wantagh, New York 11793
Telephone: (516) 826-6500
Gary F. Herbst, Esq.

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------x
In re: Chapter 13

GRANTLEY HUNTE, Case No.: 26-43420-ess

Debtor.
---------------------------------------------------------x

**MOTION OF NPL REO MAX LLC FOR ENTRY OF AN**
**ORDER MODIFYING THE AUTOMATIC STAY**

TO THE HONORABLE ELIZABETH S. STONG,
UNITED STATES BANKRUPTCY JUDGE

NPL REO Max LLC ("REO"), by its undersigned counsel, seeks entry of an Order: (i) modifying the automatic stay pursuant to 11 U.S.C. §§ 362(d)(1) and 362(d)(2) ("Bankruptcy Code") to allow REO to pursue its rights under applicable law with respect to the real property known as and located at 82 Hilton Avenue, Hempstead, New York 11550 (Section 34, Block 285, Lot 40) ("Property"); and (ii) granting REO such other and further relief as the Court deems just and proper. In support of the Motion, REO submits the Declaration of Kyle O'Hehir, an Officer of REO, a copy of which is annexed as **Exhibit 1** ("Declaration"), and the worksheet annexed as **Exhibit 2** ("Worksheet"), and respectfully represents as follows:

**PRELIMINARY STATEMENT**

The Debtor does not own the Property and does not reside at the Property. The Debtor is the guarantor of a debt owed to REO that is secured to the Property. A judgment of foreclosure and sale was entered on consent of the Debtor. Notwithstanding the foregoing, on the day of the

duly noticed foreclosure sale, the Debtor, pro se, commenced this Chapter 13 case. The fair market value of the Property is more than $300,000 less than what REO indisputably is owed. REO is not adequately protected and has not been paid since January 2023. As set forth more fully below, cause exists to modify the automatic stay so that REO can pursue its rights and remedies in the Property.

## JURISDICTION & VENUE

1. This Court has jurisdiction over this Motion under 28 U.S.C. §§ 157 and 1334, Rules 6009 and 7001 of the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules"), and the Order dated December 12, 2012 entered by the United States District Court for the Eastern District of New York referring cases and proceedings under Title 11 to the United States Bankruptcy Court for the Eastern District of New York.

2. This action is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(1), (b)(2)(A), (b)(2)(E), (b)(2)(H) and (b)(2)(O).

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1409(a).

4. The statutory predicates for the relief requested in this Motion include sections 362 and 105 of the Bankruptcy Code and Bankruptcy Rules 4001 and 9014.

## BACKGROUND

### A. The Note and Mortgage

5. On or about August 27, 2022, All Consultants LLC ("Corporate Borrower") executed, acknowledged the delivered to Constitution Lending LLC ("Constitution Lending") a Cognovit Note, whereby the Corporate Borrower promised to pay Constitution Lending the principal sum of Five Hundred Five Thousand Seven Hundred and 00/100 ($505,700.00) Dollars, plus interest ("Note"). A true and accurate copy of the Note is annexed to the Declaration as Exhibit

A.

6. On or about October 27, 2022, the Corporate Borrower executed, acknowledged, and delivered to Constitution Lending a Mortgage, Assignment of Leases and Rents, Security Agreement and Fixture Filing in the principal sum of Five Hundred Five Thousand Seven Hundred and 00/100 ($505,700.00) Dollars, with interest, mortgaging the Property, as collateral security for the indebtedness ("Mortgage"). A true and accurate copy of the Mortgage is annexed to the Declaration as Exhibit B. The Mortgage was duly recorded in the Nassau County Clerk's Office on November 18, 2022, in Liber 46948, Page 820, and the requisite mortgage tax was duly paid thereon.

7. On or about October 27, 2022, the Corporate Borrower executed and delivered a Loan Agreement to Constitution Lending, detailing certain loan terms for the Mortgage ("Loan Agreement"). A true and accurate copy of the Loan Agreement is annexed to the Declaration as Exhibit C.

8. As further security for the mortgage loan, on or about October 27, 2022, Grantley Hunte ("Debtor") executed and delivered to Constitution Lending a Guaranty ("Guaranty") of the Mortgage. A true and correct copy of the Guaranty is annexed to the Declaration as Exhibit D.

9. On March 6, 2024, Constitution Lending assigned, transferred, and delivered to REO Lend I LLC ("REO Lend") the Note endorsed to REO Lend, along with an Assignment of Mortgage, assigning the Mortgage. The endorsement is annexed to the Note as part of Exhibit A to the Declaration. A true and accurate copy of the Assignment of Mortgage is annexed to the Declaration as Exhibit E.

10. On February 15, 2025, REO Lend assigned, transferred, and delivered to REO the Note endorsed to REO, along with an Assignment of Mortgage, assigning the Mortgage. A true

and accurate copy of the Assignment of Mortgage is annexed to the Declaration as Exhibit F. The aforementioned loan documents are hereinafter at times referred to collectively as the "Loan Documents".

11. The Corporate Borrower failed to comply with the terms and provisions of the Note and Mortgage by failing to pay the sums due under the Note. The Corporate Borrower defaulted in making the monthly payment due February 1, 2023, and thereafter.

12. The Note provides, inter alia, that the Corporate Borrower shall be liable for a late charge of five percent (5%) for each overdue payment. The Note, as amended, provides that the Corporate Borrower shall be liable for a default interest rate of twenty-four percent (24%) following an Event of Default. The Note and Mortgage provide that the Corporate Borrower shall be liable for all costs and expenses incurred by the holder in collecting under the Loan Documents or foreclosing the Mortgage, including reasonable attorneys' fees. The Note and Mortgage further provide that the entire principal sum, with interest and all other sums due under the Note shall be immediately due, without notice or demand by the holder upon failure of the borrower to make any payment under the Note.

**B. The Judgment of Foreclosure and Sale**

13. On March 25, 2024, REO Lend commenced a commercial mortgage foreclosure action against, inter alia, the Corporate Borrower in the Supreme Court of the State of New York, County of Nassau ("State Court") to foreclose its Mortgage to the Property under index no.: 605117/2024 ("Foreclosure Action").

14. On July 29, 2025, REO and the defendants in the Foreclosure Action, including the Corporate Borrower and the Debtor, entered into a stipulation providing for, inter alia, a waiver of all defenses, consent to entry of an Order of Reference, consent to entry of a Judgment of

Foreclosure and Sale, and REO's acceptance of a discounted payoff if paid by certain dates, time being of the essence as to the defendants. The stipulation was So Ordered by the State Court on July 30, 2025 and entered on September 3, 2025 ("So Ordered Stipulation"). A copy of the So Ordered Stipulation is annexed to the Declaration as Exhibit G.

15. On August 27, 2025, the State Court entered an Order of Reference, a copy of which is annexed to the Declaration as Exhibit H.

16. Pursuant to the So Ordered Stipulation, the outside date for the payment of the discounted payoff was October 16, 2025, time being of the essence as to the defendants. See Exhibit G to Declaration. No payments were made to REO and REO did not receive the agreed-upon discounted payoff by October 16, 2025. See Declaration at ¶15.

17. On May 8, 2026, the State Court entered an Order Confirming Referee Report and Entry of Judgment of Foreclosure and Sale, a copy of which is annexed to the Declaration as Exhibit I. As reflected therein, the amount due to REO per the Referee's Report is $739,862.80 with interest at the note rate from September 11, 2025, together with any advances for taxes, insurance, principal, and interest, and any other charges due to, inter alia, maintain the Property, plus interest thereon, plus costs and disbursements of $2,494.38, plus an additional $300.00, plus attorney fees of $14,274.53 pursuant to the So Ordered Stipulation.

18. On June 8, 2026, the foreclosure sale of the Property was noticed for July 15, 2026. A copy of the related notice is annexed to the Declaration as Exhibit J. On July 15, 2026, the Debtor filed the instant Chapter 13 case and the foreclosure sale did not proceed.

**C. The Current Chapter 13 Case**

19. On July 15, 2026 ("Filing Date"), the Debtor filed a voluntary petition pursuant to Chapter 13 of the Bankruptcy Code in this Court. See ECF No. 1. The Debtor is pro se.

20. According to the Debtor's voluntary petition, the Debtor resides in Far Rockaway, New York, i.e., not the Property.

21. To date, the Debtor has not yet filed copies of pay statements received within 60 days prior to the date of the Filing Date, or Form 122C-1, Chapter 13 Statement of Your Current Monthly Income and Calculation of Commitment Period.

22. On August 18, 2026, the Clerk of the Court issued a final notice of section 521 deficiencies. See ECF No. 11.

**D. Debt and Value Representations**

23. As of the Filing Date, the pre-petition indebtedness due to REO was not less than $848,601.56. See Declaration at ¶18.

24. As of the date of this Motion, REO was owed not less than $856,841.30. See Worksheet at ¶5.

25. According to the Debtor's Schedule A/B, the fair market value of the Property is $400,000.00. See ECF No. 1.

**RELIEF REQUESTED AND BASIS FOR RELIEF**

26. REO seeks relief from the automatic stay imposed by section 362(a) of the Bankruptcy Code to proceed with the prosecution of the Foreclosure Action in which a Judgment of Foreclosure and Sale has already been entered on consent of the Debtor. REO submits that relief from stay is appropriate under either sections 362(d)(1) or 362(d)(2) of the Bankruptcy Code. A proposed Order is annexed as **Exhibit 3**.

27. Section 362(d) of the Bankruptcy Code provides, in pertinent part, as follows:

> (d) On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay—

> (1) for cause, including the lack of adequate protection of an interest in property of such party in interest;
>
> (2) with respect to a stay of an act against property under subsection (a) of this section, if—
>
> (A) the debtor does not have an equity in such property; and
>
> (B) such property is not necessary to an effective reorganization[.]

11 U.S.C. § 362(d).

28. "For cause" is not defined in the Bankruptcy Code. Instead, whether "cause exists to modify the stay must be determined on a "case by case basis, taking into consideration the interests of the debtor, the claimants and the estate." In re MacInnis, 235 B.R. 255, 259 (S.D.N.Y. 1998) (citing In re Keene Corp., 171 B.R. 180, 183 (Bankr. S.D.N.Y. 1994)); Manhattan King David Rest. v. Levine (In re Manhattan King David Rest., Inc.), 163 B.R. 36, 40 (S.D.N.Y. 1993) (explaining "term 'cause' is not defined in the Bankruptcy Code, and whether cause exists should be determined on a case by case basis").

29. Where a stay relief motion seeks only to continue a judicial proceeding, "362(d)(1) requires an initial showing of cause by the movant, while Section 362(g) places the burden of proof on the debtor for all [other] issues . . .[.]" Sonnax Industries Inc. v. Tri Components Products Corp., 907 F.2d 1280, 1286 (2d Cir. 1990); see also In re Worldcom, Inc., 2006 U.S. Dist. Lexis 55284, *6 (S.D.N.Y. Aug. 4, 2006) (applying Sonnax). Thus, once the movant makes an initial showing of cause for relief from stay, the debtor must establish its entitlement to the continued protection of the automatic stay. See id.

30. In Sonnax, the United States Court of Appeals for the Second Circuit identified the following twelve factors that a bankruptcy court should consider to determine whether cause exists to permit litigation to proceed in a different forum:

> (1) whether relief would result in a partial or complete resolution of the

> issues; (2) lack of any connection with or interference with the bankruptcy case; (3) whether the other proceeding involves the debtor as a fiduciary; (4) whether a specialized tribunal with the necessary expertise has been established to hear the cause of action; (5) whether the debtor's insurer has assumed full responsibility for defending it; (6) whether the action primarily involves third parties; (7) whether litigation in another forum would prejudice the interests of other creditors; (8) whether the judgment claim arising from the other action is subject to equitable subordination; (9) whether movant's success in the other proceeding would result in a judicial lien avoidable by the debtor; (10) the interests of judicial economy and the expeditious and economical resolution of litigation; (11) whether the parties are ready for trial in the other proceeding; and (12) impact of the stay on the parties and the balance of harms.

Sonnax, 907 F.2d at 1286. "A court need only apply the factors that are relevant to the particular case, and does not need to give each factor equal weight." In re Project Orange Assocs., LLC, 432 B.R. 89, 104 (Bankr. S.D.N.Y. 2010). The decision of whether to terminate or modify the automatic stay is left to the sound discretion of the bankruptcy court. See Sonnax, 907 F.2d at 1286; In re Adelphia, 298 B.R. 49, 53 (S.D.N.Y. 2003). In making its determination, a court should consider only those factors that are relevant and assign the appropriate weight to each factor considered. See In re Touloumis, 170 B.R. 825, 828 (Bankr. S.D.N.Y. 1994).

### A. Relief from the Automatic Stay is Warranted Under Section 362(d)(1) of the Bankruptcy Code

31. Cause exists to grant REO relief from the automatic stay under section 362(d)(1) of the Bankruptcy Code.

32. Adequate protection is a concept derived from the Fifth Amendment and intended to protect a secured creditor's interest in property. See H.R.Rep. No. 595 at 339, 1978, U.S. Code Cong. & Ad. News at 5787, 6295. A secured creditor's interest in property may be adequately protected if there is an equity cushion sufficiently large to ensure that the secured creditor will be able to recover its entire debt from the security at the completion of the case. In re Elmira Litho, Inc., 174 B.R. 892, 902 (Bankr. S.D.N.Y. 1994).

33. Under the equity cushion theory, if a debtor has equity in property sufficient to shield a creditor from either the declining value of the collateral or an increase in the claim from the accrual of interest, then the creditor is adequately protected. Drake v. Franklin Equip Co. (In re: Franklin Equip. Co.), 416, B.R. 483, 528 (Bankr. E.D.VA 2009) (citing In re Kost, 102 B.R. 829, 831 (D. Wyo. 1989)). Whether an equity cushion is sufficient to provide adequate protection is determined on a case-by-case basis. Id. However, courts have almost uniformly held that an equity cushion of less than 10% is insufficient to qualify as adequate protection. Id. (citations and quotations omitted).

34. Here, cause exists to grant relief from the automatic stay because REO's interest in the Property is not adequately protected. The fair market value of the Property is more than $300,000.00 less than the indisputable sum due to REO. There is **no** equity cushion in the Property to protect REO. REO's interest in the Property is not adequately protected and stay relief is appropriate.

35. Equally important, many of the Sonnax factors are satisfied here. In particular: (a) relief will allow for the Foreclosure Action to be prosecuted to finality and will result in a complete resolution of the issues respecting REO's mortgage to the Property; (b) continuation of the Foreclosure Action will not interfere with the Debtor's bankruptcy case because the Property is not owned by the Debtor; (c) the State Court has been overseeing the Foreclosure Action since March 2024 and is well versed with the issues; (d) the State Court already entered the Judgment of Foreclosure and Sale; and (e) the balance of harms weighs in favor of REO because REO is not adequately protected, any equity of the Debtor is in the Corporate Borrower and not the Property, and the Debtor does not reside at the Property.

36. Given all the foregoing, cause exists to grant REO relief from the automatic stay.

**B. Relief from the Automatic Stay is Warranted Under Section 362(d)(2) of the Bankruptcy Code**

37. Stay relief is also appropriate under section 362(d)(2) of the Bankruptcy Code.

38. Section 362(d)(2) of the Bankruptcy Code provides that relief from the automatic stay may be granted if (1) the debtor does not have equity in the Property; and, (2) such property is not necessary for an effective reorganization.

39. The Debtor does not own the Property; the Corporate Borrower does. Any equity of the Debtor is in the Corporate Borrower, not the Property. Accordingly, the first prong of the section 362(d)(2) analysis is satisfied.

40. The second prong of the 362(d)(2) analysis requires that the property not be necessary to an effective reorganization. In United Sav. Assoc. of Texas v. Timbers of Inwood Forest Assoc., Ltd., 484 U.S. 365, 375, 108 S. Ct. 626, 98 L. Ed. 2d 740 (1988), the United States Supreme Court stated that "[o]nce the movant under § 362(d)(2) establishes that [it] is an undersecured creditor, it is the burden of the *debtor* to establish that the collateral at issue is 'necessary to an effective reorganization.'" (emphasis in original). The Supreme Court went on to state that:

> What this requires is not merely a showing that if there is conceivably to be an effective reorganization, this property will be needed for it; but that the property is essential for an effective reorganization *that is in prospect*. This means, as many lower courts, including the en banc court in this case, have properly said, that there must be "a reasonable possibility of a successful reorganization within a reasonable time."

Id. at 375-76 (emphasis in original). REO is undersecured. As such, the burden is on Debtor to establish that the Property are "essential for an effective reorganization *that is in prospect*." See id.

41. The Debtor commenced this Chapter 13 case solely to stall the foreclosure sale of

the Property. Even if this Chapter 13 case was commenced in good faith (and REO does not concede that it was), there is no Chapter 13 plan "in prospect" that involves (or could involve) the Property.

42. Accordingly, because the requirements of section 362(d)(2) of the Bankruptcy Code have been satisfied, relief from stay should be granted so that REO may take those steps necessary to mitigate its mounting damages.

## NOTICE AND NO PRIOR REQUEST

43. Notice of this Motion will be provided in accordance with Bankruptcy Rules 4001 and 9014.

44. No previous request for the relief requested herein has been made to this or any other Court.

## CONCLUSION

45. For the reasons set forth herein, REO respectfully requests that the Court enter an Order: (a) modifying the automatic stay in this case pursuant to sections 362(d)(1) and 362(d)(2) of the Bankruptcy Code; and (b) granting REO such other and further relief as the Court deems just and proper.

**WHEREFORE**, REO respectfully requests that the Court grant the relief requested herein and such other, further and different relief as to the Court may deem just and proper.

Dated: September 15, 2026
Wantagh, New York

**LaMONICA HERBST & MANISCALCO, LLP**
*Counsel to NPL REO Max LLC*

By: *s/ Gary F. Herbst*
Gary F. Herbst, Esq.
A Member of the Firm
3305 Jerusalem Avenue, Suite 201
Wantagh, New York 11793
Telephone: (516) 826-6500